# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:09-cr-00222

DAVID KEITH BARBEITO,
JEFFREY WAYNE JETT, and
ELMER LUKE MOORE,
             Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are motions for bills of particulars of the following defendants: Elmer Luke Moore [Docket 884],[1] David Keith Barbeito [Docket 897], and Jeffery Wayne Jett [Docket 1284]. The Government filed responses to these motions asking that they be denied [Dockets 1000, 1344].

In these motions, the Defendants ask for more detail about the charges in the original Indictment or the Superseding Indictment.[2] Defendant Moore asks for "specific facts" and his "precise activity" relating to the charges in Counts 15, 16, and 29 of the Indictment. (Docket 884, pp. 1-2.) Also, Defendant Moore asks for information relating to the exact firearms and ammunition alleged to be possessed and transported by him under Counts 29 and 33. (*Id.* at 3-4.) Defendant

---

[1] Defendant Moore's motion is actually styled as a Motion for Joinder of Motion to Dismiss [Docket # 619] Count 29 [and 15, 16, and 33], and in the Alternative, Motion for Bill of Particulars. To the extent that Defendant Moore seeks a bill of particulars, it is addressed herein. To the extent that he seeks to join in Defendant Weaver's Motion to Dismiss, (Docket 619), which remains pending, the motion is **GRANTED**.

[2] Motions directed to counts in the original Indictment are construed as being directed to the corresponding counts in the Superseding Indictment.

Barbeito states that he needs a bill of particulars "to prepare an adequate defense." (Docket 897, p.2.) Finally, Defendant Jett requests a bill of particulars with respect to Count 10 of the Superseding Indictment because that count "is not pleaded with sufficient definiteness and particularities to enable him to adequately prepare his defense thereto." (Docket 1284, p.1.) Further, Defendant Jett seeks specificity with regard to the "racketeering activity" and "crime of violence" charged in Count 10 of the Superceding Indictment; at the hearing Defendant Jett abandoned his request for a bill of particulars as to other items.

The Government counters that the indictment is sufficient as charged, therefore bills of particulars are not needed. In addition, the Government believes it has obviated the need for bills of particulars through discovery and the disclosure of the grand jury transcripts.

In general, a bill of particulars is used to supplement an indictment. Under the Federal Rules of Criminal Procedure, a proper indictment is simply "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Cr. P. 7(c). The facts alleged in an indictment "should be sufficiently detailed to apprise the defendant of the charge against him so that [he] may prepare his defense." *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979). If the indictment is not sufficiently detailed, the proper recourse is to move for a bill of particulars. *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987). However, the information necessary for the preparation of a defense can be supplied "through the use of a bill of particulars or discovery." *Id.*; *see also United States v. Adams*, 335 F. App'x 338, 344 (4th Cir. 2009) (noting that a prosecutor's "open file policy" may negate the necessity of a bill of particulars).

Bills of particulars are available under Rule 7(f) of the Federal Rules of Criminal Procedure and "the grant or denial of a motion for a bill of particulars 'is a matter within the sound discretion

of the trial court.'" *United States v. Schembari*, 484 F.2d 931, 934 (4th Cir. 1973) (quoting *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969)). The purpose of a bill of particulars "is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." *United States v. Automated Medic. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). Further, "[a] bill of particulars is not to be used to provide detailed discourse of the government's evidence in advance of trial." *Id.*

Having considered Defendants' motions, the Court finds that bills of particulars are not necessary in this case. The Government has represented that it has provided all discoverable material to Defendants. Any deficiency in the indictment that did not allow the Defendants to prepare for their defense has been cured through the discovery disclosures of the Government. In addition, these motions appear to seek insight into the Government's trial strategy, which is not a proper use of a bill of particulars. At least some of Defendants' arguments might well be interpreted as assertions that discovery has failed to demonstrate evidence that supports the charges in question. However, that is not a matter addressed to the charging instrument, but rather raises factual issues to be resolved through the process of a trial.

For these reasons, Defendants' Motions for Bills of Particulars [Dockets 884, 897, and 1284] are **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendants and counsel, and the United States Attorney.

ENTER:        April 15, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE